UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JCM, JR. (XXX-XX-9076)            CIVIL ACTION NO. 09-cv-0943

VERSUS            JUDGE STAGG

U.S. COMMISSIONER SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

JCM, JR. ("Plaintiff") was born in 1963 and has a long work history in physically demanding jobs, with his last job at a battery manufacturing facility where he worked for about 20 years. Plaintiff began experiencing hip pain and, despite treatment, eventually lost his job. His treating physician and a consultative examiner found some signs of arthritis in the hip but not to the extent to support the level of pain claimed by Plaintiff. The ALJ, based on the physicians' reports, discounted Plaintiff's complaints and found that he was not disabled because he was capable of performing his past relevant work as a machine operator.

The Appeals Council denied a request for review. Plaintiff, who is self-represented, filed this civil action seeking judicial review. He points to medical evidence obtained a few months after the Appeals Council's denial. That evidence includes a diagnosis, apparently for the first time, of a spinal problem that could have caused the pain about which Plaintiff complains. It is recommended, for the reasons that follow, that this case be remanded to the

Commissioner for consideration of this new evidence and further development of the record regarding the source of the pain.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

In March 2004, while Plaintiff was still working as a machine operator, he complained to Dr. Ricky Davidson of moderate right hip pain. Dr. Davidson prescribed non-narcotic anti-inflammatory medications. Plaintiff returned in April 2005 and again complained of right hip pain, and similar medication was prescribed. Dr. Davidson diagnosed, at a later visit, degenerative joint disease of the right hip. Tr. 103-14.

Dr. Davidson referred Plaintiff to Dr. A. E. Dean, an orthopedic physician. Plaintiff told Dr. Dean that he had experienced pain in his right hip for the past two and a half years that made it hurt to sit, drive, get up and down, stand, and make certain motions with his hip.

Plaintiff reported he had been taking Celebrex, which helped "some" but caused rapid heartbeat. The hip pain was getting increasingly worse. Dr. Dean reviewed an X-ray of the right hip that had been taken by Dr. Davidson and found that it showed "only minimal arthritic changes, very minimal." He diagnosed early arthritic changes to the right hip, and he recommended an MRI to rule out a vascular necrosis. He also advised Plaintiff to stop taking Celebrex and return to Ibuprofen as needed. Tr. 121-22.

In May 2005, Plaintiff underwent an MRI "of the pelvis" that identified no significant abnormality. Tr. 120. The Agency referred Plaintiff to Dr. Clinton McAlister for a consultative examination that was performed in January 2008. Dr. McAlister reviewed the medical records, including the X-ray and MRI, interviewed Plaintiff, and examined him. Plaintiff described right hip pain, on a 10 scale, as a constant eight with increases to 10 with activities. He said he sometimes had sharp pains that would shoot down his leg. Plaintiff reported problems walking, standing, and sitting. He could not tie his own shoes and had difficulty getting on and off a commode, but he could shower and eat on his own. Plaintiff told the physician that he lives with his mother, who does all of the household chores, and he spends most of his day on the couch or in bed. Tr. 128-29. Plaintiff's testimony at the hearing was similar with regard to his daily activities. Tr. 17-32.

Dr. McAlister noted that the hip X-ray showed no boney or soft tissue abnormalities. It was his impression that Plaintiff's "symptomatic complaints are not verified by any objective findings." There was little restriction of motion on either side, and a previous MRI

had been unremarkable. The absence of objective data to substantiate the complaints of severe pain caused Dr. McAlister to conclude that Plaintiff could perform at a medium activity level. Tr. 132.

The ALJ reviewed this evidence and concluded, quite reasonably, that Plaintiff had the residual functional capacity to perform the full range of light work activity, which involves lifting no more than 20 pounds occasionally and up to 10 pounds frequently. It also requires standing and walking for up to six hours during an eight-hour workday and sitting intermittently during the remaining time. The ALJ agreed with Dr. McAlister that Plaintiff's alleged level of pain was far beyond what could be supported by the objective evidence, so the ALJ found Plaintiff not fully credible. He then found that Plaintiff was not disabled because his residual functional capacity allowed him to perform his past relevant work as a machine operator. Tr. 10-15.

The Appeals Council denied Plaintiff's request for review in February 2009. Soon afterwards, in May 2009, Plaintiff reported to the emergency room at the LSU Health Sciences Center with a complaint of hip pain. Plaintiff reported that the pain had been present since 2002, despite no history of trauma. Plaintiff told the LSU physicians that he had been evaluated by three other doctors who told him that he possibly had arthritis. Plaintiff described the pain as continuous, burning, radiating from his hip down his right leg to the big toe. The medical report states that the pain described by Plaintiff was "radicular pain" more than arthritis, and Plaintiff was discharged with instructions for addressing

lumbosacral neuritis, an inflammation of one of the nerves that originate from the spinal chord. Plaintiff was told to limit his activity, including avoiding lifting anything over 10 pounds. Plaintiff was prescribed Prednisone and Ibuprofen. Doc. 11, pp. 12-14.

Plaintiff reports in his memorandum that his LSU physician, Dr. Trisler, immediately told him that his pain sounded more like a neurological condition than arthritis. When Dr. Trisler ordered the MRI, Plaintiff noted he had undergone a prior MRI, but Dr. Trisler said this MRI would be of a different kind that would check for neurological problems. Plaintiff returned to LSU for an MRI of the lumbar spine (not the hip/pelvis as in the prior MRI) in July 2009. The report states that there was "disc dessication, especially at L4-L5 level." There was also "broad based bulging of the L4-L5 disc posteriorly into the spinal canal, possibly narrowing of the bilateral neural foramina at this level." The report continued, "left renal hyperintense lesion on axial T2 images may represent a simple cyst." Plaintiff reports that physicians told him that the nerve problem is what is causing the pain that runs from his hips and down his legs.

The court may remand a case to the Commissioner for the taking of additional evidence if there is a "showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The evidence must first be "new," and not merely cumulative of what is already in the record. Pierre v. Sullivan, 884 F.2d 799, 803 (5th Cir.1989). To be material, the evidence must relate to the time period for which the disability benefits were denied.

Evidence fails that test if it merely relates to the deterioration of a previously non-disabling condition after the period for which benefits are sought. The evidence must also give rise to a reasonable probability it would change the outcome of the Commissioner's decision. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). Finally, the claimant must make a showing of good cause for failing to provide this evidence at the original proceedings. Id.

The LSU evidence is new. It was generated after the Agency's decision. It is not merely cumulative. Rather, it is the first record evidence of a spine/nerve problem that could be causing the pain the other physicians attributed to mild arthritis. There is also sufficient indication that the evidence relates to the time period that the Agency examined, as there is no indication the spine problem was caused by some more recent event. The most reasonable inference to be drawn from the record is that the condition existed during the period at issue but simply went undetected.

There is a reasonable probability that this new evidence, fully explored, could change the outcome of the Commissioner's decision. Plaintiff has been a hard working individual, and there is nothing in the record to undermine his credibility except the lack of objective findings by Dr. Dean and Dr. Davidson to support Plaintiff's claims of pain. The new evidence shows that those physicians may have overlooked objective physical problems that could give rise to the level of pain that Plaintiff claims. Finally, there is good cause for failing to provide this evidence during the original proceedings. Plaintiff was examined by a general practice physician and an orthopedic specialist, but neither of them diagnosed or

even suspected a spine/nerve problem. Plaintiff cannot be faulted under these circumstances for not generating evidence of that diagnosis during the prior proceedings.

There is no guarantee that the new evidence will result in a different outcome, but it certainly gives rise to a reasonable probability that the decision could change. A remand will allow the Agency to gather the LSU records attached to Plaintiff's brief, obtain any additional records regarding treatment and diagnosis of the spine problem, and perhaps refer Plaintiff for a consultative evaluation or testing now that the spine issue has been brought to light.

The recommended remand is pursuant to sentence six of Section 405(g). That provision requires the Commissioner to, after hearing additional evidence, modify or affirm the prior decision and file with the court any such additional and modified decision. If the Commissioner does not make a decision fully favorable to the claimant, the Commissioner must also file a transcript of the additional record and testimony upon which the modifying or affirming decision was based.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be remanded to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), for the taking of additional evidence and the conduct of other proceedings in accordance with this Report and Recommendation.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of November, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE